IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ERNEST ANAYA,

    Petitioner,                      No. CIV S-06-2320 WBS GGH P

    vs.

SUPERIOR COURT OF
AMADOR COUNTY, et al.

    Respondents.              FINDINGS AND RECOMMENDATIONS
_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application seeking to challenge the California Supreme Court, although he names Amador County Superior Court as respondent. Although petitioner uses a form for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, he states that he is seeking "a writ of mandate," apparently asking this court to direct the state supreme court to consider and rule on an application that it has rejected. Petitioner has filed an in forma pauperis affidavit for this inapposite filing but the court will not rule on his application in this instance.

        On September 20, 2006, the Clerk of the California Supreme Court enclosed with a letter and returned unfiled documents that petitioner had attempted to file therein. In the letter, it was noted that the state court of appeal had denied petitioner's petition for writ of mandate in that court on August 24, 2006, and that the state supreme court would lose jurisdiction to act on

1

any petition for review on September 23, 2006.  Petition, Exhibit A, p. 54.  Apparently a form for filing a petition for writ of habeas corpus was enclosed with the letter.  To the extent that petitioner asks this court to mandate that the state supreme court consider his filings and render a decision on any application petitioner has made or would seek to make before that court, the request must be denied because federal courts lack jurisdiction to issue a writ of mandamus to a state court.  Demos v. United States Dist. Court for the E. Dist. of Wash., 925 F.2d 1160, 1161 (9th Cir. 1991), citing 28 U.S.C. § 1651.

       To the extent that petitioner intended to file in this court a habeas petition challenging a 128A custody counseling chrono he received from a Mule Creek State Prison correctional officer, and/or a failure to respond to an inmate grievance he filed against that officer by the officer and/or by the MCSP Appeals Coordinator, this action must be dismissed.  Notwithstanding petitioner's concern that he may be subjected to future disciplinary action based on a counseling chrono that he believes violated his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), plaintiff fails to meet the threshold requirement for bringing a habeas petition.

       "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'"  Maleng v. Cook, 490 U.S. 488, 490, 109 S. Ct. 1923, 1925 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3)).  The "in custody" requirement is jurisdictional, and "requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  Maleng, 490 U.S. at 490-491, 109 S. Ct. At 1925.  This is because the writ of habeas corpus functions primarily to secure immediate release from illegal physical custody.  Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833 (1973).  See Order, filed on 11/2/05, p. 2.

       The United States Supreme Court has "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully

expired at the time his petition is filed.  Indeed, [the Supreme Court's] decision in Carafas v. LaVallee . . . strongly implied the contrary."  Maleng, 490 U.S. at 491, 109 S. Ct. at 1925.  In other words, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."  Maleng, 490 U.S. at 492, 109 S. Ct. at 1926.  See, id.

Despite the Supreme Court's pronouncements that one must be in custody for the "conviction" under attack, the Ninth Circuit has held that habeas corpus jurisdiction is appropriate for attacking disciplinary findings as long as an expungement of the disciplinary is "likely to accelerate the prisoner's eligibility for parole."  Bostic v. Carlson, 884 F.3d 1267, 1269 (9th Cir. 1989).  Of course, a sort of speculation must be employed to determine what disciplinaries significantly detract from one's parole eligibility.  Nevertheless, the undersigned finds that administrative violations for which no time credits are at issue, cannot stand as a basis for the "in custody" requirement of habeas corpus.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application, whether for a writ of mandate or for a writ of habeas corpus be dismissed and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 4/4/07                              /s/ Gregory G. Hollows

                                                  UNITED STATES MAGISTRATE JUDGE

GGH:009/anay2320.fr